IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Action No. 3:07-cr-00019-1 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| **KELVIN SMITH** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

  Kelvin Smith, a federal inmate proceeding <u>pro se</u>, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 193-month sentence for various drug distribution and firearm offenses. Smith claims that he was denied the effective assistance of counsel. The court finds that Smith waived his right to bring his ineffective assistance of counsel claims. Accordingly, the court grants the United States' motion to dismiss Smith's § 2255 motion.

**I.**

  On October 15, 2007, pursuant to a written plea agreement, Smith pled guilty to conspiring to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. § 846 (Count One); making a false statement to purchase a firearm, in violation of 18 U.S.C. § 924(a)(1)(A) (Count Two); possession of a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Count Five); distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (Count Six); and possession and brandish of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (lesser included offense of Count Seven). Under the terms of the plea agreement, the United States agreed, <u>inter alia</u>, to move for dismissal of four other counts against Smith, to recommend a two-level reduction in the offense level for acceptance of responsibility, to stipulate to the drug weight set forth in Base Offense Level 32 of the United States Sentencing Guidelines, to stipulate to a two-level increase in Smith's offense level based on

his role in the offense, and to recommend a sentence of incarceration in the middle of the applicable guideline range. In exchange for these concessions, Smith waived, <u>inter</u> <u>alia</u>, his right to collaterally attack his conviction or sentence in certain circumstances and any claim that he ma have for ineffective assistance of counsel known and not raised by him with the court at the time of sentencing.

Smith initialed every page of the plea agreement, including the page containing the waivers of his right to bring certain ineffective assistance of counsel claims. By signing the plea agreement, Smith affirmed that he had read the plea agreement, that he had carefully reviewed every part of the agreement with his attorney, that he understood the agreement, and that he was voluntarily agreeing to its terms.

During his plea hearing, Smith stated under oath that he was able to read and understand English and that he was not under the influence of any drug, medication, or alcoholic beverage of any kind. The court established that Smith was aware of the nature of the charges against him, that he understood the range of punishment that he faced, that he understood how the United States Sentencing Guidelines might apply in his case, and that he knew that he had the right to a jury trial. The court also established that Smith was aware that he would be bound by his plea agreement, even if his sentence was more severe that he expected.

The court instructed Smith's counsel to review the salient portions of the plea agreement that Smith had reached with the United States. The court asked Smith if he read and understood the agreement before he signed it. Smith responded in the affirmative. The court also asked if the agreement described by his attorney was contrary to his own understanding of the agreement, to which Smith responded, "[n]o, Your Honor." The court further advised Smith that his plea

agreement stated that he was waiving his right to collaterally attack the judgment and asked Smith if he was waiving that right voluntarily, to which Smith responded, "[y]es." The court also specifically inquired as to whether Smith was voluntarily pleading guilty. Smith affirmed that he read and understood the plea agreement before he signed it, and that no one had made any promises or induced him to plead guilty.

After all of the court's questions, Smith stated that he still wanted to plead guilty. The court ultimately accepted Smith's plea and found that Smith was "fully competent and capable of entering an informed plea; that [his] plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."

On March 5, 2008, the court sentenced Smith to a total term of imprisonment of 193 months.[1] Before the court pronounced the sentence, Smith was given the opportunity to address the court. At that time, Smith did not express any desire to withdraw from the plea agreement, voice any complaints regarding the quality and effectiveness of his attorney's representation, or raise any of the issues he currently raises in his § 2255 action. Smith did not appeal his conviction or sentence.

Smith filed the instant § 2255 motion, claiming that counsel provided ineffective assistance. In support of his claim of ineffective assistance of counsel, Smith claims that counsel failed to object to (1) the Presentence Investigation Report's ("PSR") assignment of 1 point in his criminal history score for a conviction for failing to appear in court; and (2) the PSR's determination of the drug weight attributable to Smith. The court notes that Smith does not allege that his plea was not knowing and voluntary.

---

[1] This term consisted of 109 months on each of Counts One, Five, and Six and 60 months on Count Two, to be served concurrently with each other but consecutive to an 84-month sentence on Count Seven. The court also entered an amended judgment on June 5, 2008 to correct a clerical mistake, pursuant to Fed. R. Crim. P. 36; however, Smith's sentence remained the same.

## II.

Smith raises two claims of ineffective assistance of counsel. Both claims arose after Smith's guilty plea but before his sentencing and Smith does not allege that he did not know of these claims at the time of his sentencing. The court finds that Smith knowingly and voluntarily waived his right to raise his current claims of ineffective assistance and, therefore, dismisses his claims.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). To be valid, "the record must show that the waiver was based upon a knowing and intelligent decision." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is

4

often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal and § 2255 rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver. See Attar, 38 F.3d at 732; Lemaster, 403 F.3d at 220 n.2; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Smith's guilty plea and waiver of collateral attack rights, the court must determine whether his claims falls within the scope of that waiver.

Here, there is no dispute that Smith knowingly and voluntarily entered a valid guilty plea and the record fully establishes that Smith also knowingly and voluntarily waived his right to collaterally attack his sentence in certain circumstances. In his plea agreement, Smith specifically agreed to "waive all rights to contest the conviction or sentence . . . in any post conviction proceeding, in

5

cluding one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct no known to the Defendant at the time of the Defendant's guilty plea." This waiver is later modified in the agreement under the section "Effective Representation" in which Smith agrees "to make known to the Court no later that at the time of sentencing any dissatisfaction or complaint [he] may have with [his] attorney's representation." He also agreed to "waive any claim [he] may have for ineffective assistance of counsel known and not raised by [him] with the Court at the time of sentencing." Because an ineffective assistance of counsel claim can only be raised in a § 2255 motion, the court finds that this second waiver is also a collateral attack waiver and modifies the first waiver. Both Smith and his attorney represented by their signatures to the plea agreement that Smith had been fully advised of, and understood, its terms. Further, at his plea hearing, Smith acknowledged that he was voluntarily waiving his right to collaterally attack his judgment or sentence in certain circumstances and that if he had any issue with counsel's representation he was to notify the Court prior to sentencing or his right to bring a claim regarding counsel's representation was waived. Accordingly, the court concludes that Smith's waivers of his right to collaterally attack his conviction or sentence under § 2255 is valid and enforceable.

     Finding that the waiver is valid, the court must now determine whether Smith's claims are included within the scope of the waiver. Both of Smith's ineffective assistance of counsel claims arose after his guilty plea but prior to sentencing. Both of Smith's claims were known to him at the time of sentencing and yet Smith did not bring either claim to the attention of the court. Therefore, both of his claims fall within the scope of his waivers. Accordingly, the court finds that Smith's claims of ineffective assistance of counsel are not cognizable claims in a § 2255 motion, and,

therefore, dismisses them.²

IV.

For the reasons stated above, the court will grant the United States' motion to dismiss Smith's § 2255 motion.

Entered this  29th  day of October, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

² Moreover, even if his claims were not waived, Smith's claims nevertheless fail on the merits. To demonstrate ineffective assistance of counsel, a petitioner must first show deficient performance, that is, that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Atty. Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance must prove that he suffered prejudice as a result of his counsel's deficient performance, that is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

With regard to his claim that counsel was ineffective in failing to object to the PSR's assignment of 1 point in his criminal history score for a conviction for failing to appear in court, Smith has not demonstrated either deficient performance or prejudice. Pursuant to USSG § 4A1.2, sentences for misdemeanor and petty offenses are counted, except for a list of offenses provided in the section and offenses similar to them. Failure to appear does not appear on that list of excluded offenses. And, Smith does not allege which of the listed offenses, his failure to appear charge is similar to. Rather, Smith relies on a Fourth Circuit case that interprets West Virginia statutes. However, Virginia statutes are different than the West Virginia statutes at issue. Therefore, the court cannot find that on the facts presented in this case, Smith has demonstrated that counsel's failure to object was constitutionally deficient. Further, Smith has not demonstrated that he was prejudiced by counsel's failure to object because he has not shown that had counsel filed the objection, the court would have sustained the objection and removed the 1 point from Smith's criminal history calculation. In fact, in a prior case, United States v. Rush, Criminal Case No. 3:06cr00013-1 (W.D. Va. Sept. 5, 2006), this court overruled a similar objection and the defendant had one point counted for his failure to appear conviction. Accordingly, the court finds that Smith has failed to demonstrate that counsel provided ineffective assistance and, therefore, Smith's claim fails.

With regard to Smith's claim that counsel was ineffective in failing to object to the PSR's determination of the drug weight attributable to Smith, Smith has not demonstrated either deficient performance or prejudice. In his plea agreement, Smith stipulated that he would be held accountable for the drug weight set forth in base offense level 32 of the USSG. When the PSR was initially prepared, Smith was held accountable for the drug weight set forth in base offense level 32, just as his plea agreement provided. Inasmuch as the PSR attributed Smith with the exact drug weight that he bargained for in his plea agreement, counsel's objection would have been fruitless. Moreover, at sentencing, the court ultimately reduced Smith's base offense level another two levels based on his drug weight, so ultimately he received an even better deal than he had bargained for. Based on the foregoing, the court cannot find that counsel was constitutionally deficient in failing to object to the drug weight attributed to Smith and, therefore, finds that his claim fails.